# United States District Court
# Central District of California

| | |
|---|---|
| Brian Whitaker,<br><br>        Plaintiff,<br><br>    v.<br><br>ELC Beauty LLC,<br><br>        Defendant. | Case No. 8:19-cv-00407-ODW (JDEx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [12]** |

## I. INTRODUCTION

Defendant ELC Beauty LLC ("ELC") moves to dismiss Plaintiff Brian Whitaker's ("Whitaker") complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and failure to state a claim under FRCP 12(b)(6). (Def.'s Mot. to Dismiss ("Mot."), ECF No. 12.) For the reasons below, ELC's Motion is **GRANTED**, and Whitaker is granted leave to amend his complaint.[1]

## II. BACKGROUND

Whitaker initiated this action on February 28, 2019, for violations of the Americans with Disabilities Act ("ADA") and a related state-law claim. (Compl., ECF

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

No. 1.) On April 24, 2019, ELC moved to dismiss Whitaker's Complaint for lack of subject matter jurisdiction and failure to state a claim. (*See generally* Mot.)

Whitaker is a California resident with a physical disability who is substantially limited in his ability to walk and uses a wheelchair for mobility. (Compl. ¶ 1.) He alleges that, in February 2019, he visited ELC, located at 3333 S. Bristol Street, Costa Mesa, California, and that he encountered a transaction counter barrier inside ELC. (Compl. ¶¶ 2, 8, 11–13.) Whitaker alleges that the transaction counter does not comply with accessibility requirements under the ADA. (Compl. ¶¶ 22–23.)

In its Motion, ELC argues that this Court should dismiss Whitaker's claim because he lacks standing and fails to state a claim. (Mot. 1.) Specifically, ELC argues three points: (1) Whitaker fails to adequately plead injury in fact as required to establish standing; (2) Whitaker fails to plead the facts required to state a claim; (3) Whitaker fails to advance a cognizable legal theory. (Mot. 1.)

### III.  LEGAL STANDARD

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988). A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, Plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face," which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Where a district court grants a motion to

dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV. DISCUSSION

### A. Cognizable Legal Theory

"To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010) (citing *Molkis v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)). Further, if the plaintiff fails to identify an architectural barrier under the ADA, it necessarily follows that the Complaint fails to plead a cognizable legal theory under the ADA. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) ("A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper" where the Complaint lacks a cognizable legal theory.).

Here, the parties do no dispute that Whitaker is disabled, or that ELC owns or operates a place of public accommodation. Rather, at issue is whether ELC's "crowded . . . transaction counters with merchandise and displays," denied Whitaker a public accommodation and constitutes an unlawful barrier under the ADA. (Pl.'s Opp'n to Mot. ("Opp'n") 3–4, ECF No. 15.) Whitaker only cursorily opposes ELC's cognizable legal theory argument. (*See generally* Opp'n.) Accordingly, the Court finds that the sole deficiency that Whitaker alleges is that the placement of merchandise and displays on the transaction counter violates the ADA Accessibility Guidelines ("ADAAG") standards (the "2010 Standards"). (Opp'n 3–4 n. 11; *see* 28 C.F.R. § 36.104; 2010 Standards §§ 904.4, 904.4.1.)

Courts addressing this issue routinely find that the lack of clear space or the placement of merchandise on transaction counters violates neither the 2010 Standards

nor the ADA. *Kong v. Mana Inv. Co.*, No. SA CV 18-01615-DOC (DFM), 2019 WL 3220027, at *3 (C.D. Cal. May 1, 2019) ("Nothing in the plain language of § 904.4.1 or its exception suggests that any particular amount of 'clear' space on the surface of a sales or service is required."); *Johnson v. Starbucks Corp.*, No. CV 17-02454-WHA, 2019 WL 1427435, at *3 (N.D. Cal. Mar. 29, 2019) ("the inquiry into whether a sales or service counter satisfies Section 904.4.1's length requirement turns on the length of the counter as built, not on the length of 'clear' counter space."); *Johnson v. Starbucks Corp.*, No. 5:13-CV-01414 HRL, 2015 WL 877493, at *4 (N.D. Cal. Feb. 27, 2015). Whitaker alleges no other deficiencies with the transaction counter that constitute an unlawful barrier. Accordingly, Whitaker has failed to put forth a cognizable legal theory. *See Conservation Force*, 646 F.3d at 1242 (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is proper where, as here, the Complaint lacks a cognizable legal theory).

Consequently, the Court finds Plaintiff has failed to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6). Therefore, Defendant's motion to dismiss based on lack of cognizable legal theory is **GRANTED.**

### V. CONCLUSION

For the reasons discussed above, ELC's Motion to Dismiss is **GRANTED.** However, the Court does not find that amendment would be futile. It is conceivable, according to the facts of the case, that Whitaker could state a cognizable legal theory. Accordingly, the Court grants Whitaker leave to amend his Complaint and refile no later than 14 days from the date of this order.

**IT IS SO ORDERED.**

September 25, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**